By the Court.—Curtis, Ch. J.
—It is urged on the part of the appellants, and very justly, that in the exercise of the power of a court of' equity to reform the language of a written instrument in the absence of fraud, it must be conclusively established that both parties agreed that it should be in a different form from that expressed in the writing (Jackson v. Andrews, 59 N. Y. 247; Mead v. Weschester Fire Ins. Co., 64 Id. 455).
The contract of sale, executed before the execution of the deed in question, was binding upon the parties to the latter. By its terms provision was made as to the form and character of the deed to be executed, which must be deemed to be obligatory, and as expressing the understanding and agreement at the time of the parties.
By the contract of sale, preliminarily executed for greater caution and certainty, and to define and protect the duties and rights of the respective parties, and in fulfillment of which the deed was agreed to be executed, it will be seen that no obligation was imposed upon the respondent, to assume the payment of the mortgages upon the premises conveyed. The deed was to be given of the property simply subject to these existing mortgages.
The deed sought to be reformed by reason of this departure from the provision of the contract, differs in this respect from those cases where a change is sought in the absence of a contract of sale, that the parties to this instrument have preliminarily reduced to writing, and formally declared their understanding and agreement, as to the obligations resting upon each party.
Unless some modification or change was agreed to by the parties, it was clearly the duty of the appellants, Smith and wife, to have delivered their deed to the respondent with the subject clause only, and not to have inserted an additional and uncalled-for clause, by *466 which the plaintiff agreed to assume and pay these mortgages.
The court found, at the trial, that neither the plaintiff nor his assignor Dake at any time agreed to assume or pay the three mortgages, or any part of them ; that the insertion in the deed of the clause to that effect was without the knowledge of either the plaintiff or Dake; that the plaintiff took and recorded the deed in ignorance that it contained such a clause, and supposing that it corresponded with the contract; that the insertion of such clause was unauthorized .by the contract, and was a fraud upon the plaintiff.
If the evidence sustains these findings of the court it tends 'strongly to support the judgment for the reformation of the deed.
The plaintiff testifies, that he did not know that the deed failed to agree with the contract, but supposed it did agree with it; that he would not have taken it if he had known it contained the covenant in question ; that the deed was handed to hiip by the defendant Smith, a day or two before it was to be delivered, who said he wanted him to examine it, and that it was drawn up according to contract; but that he had no distinct recollection of reading it, and that he had no counsel in closing the sale. The witness further testified, that he handed it to Mr. Cowles when delivered, to put on record, with whom it remained until the following May, when witness discovered the clause, and directed Mr. Cowles to take steps to have the deed reformed. Mr. Dake testifies that he did not know or have notice, that this clause was inserted in the deed, and that no change, verbal or otherwise, to his knowledge was made in the contract after the written contract was made.
Mr. Cowles testifies he went to the office, where the deed was delivered, with some certificates of continuations of searches, as his office boy was out, and he had *467 no one to send; that he had not seen, and did not examine the contract, that he did not examine the deed or the title of the property, and first had his attention called to this clause in the deed, the last of May, or early in June, in the year following.
On the part of the appellant, Mr. Smith, one of the appellants, testifies, that he did not examine the contract to see if there was this clause in it, nor did he know whether there was such a clause in it after he signed it; that he directed his attorneys to put this clause in the deed, though he then knew the clause was in addition to what was in the written contract; and that he had it inserted for the purpose of making the plaintiff personally responsible for the mortgages, and that he was advised by his counsel, who had inspected the contract, that otherwise the plaintiff would not be liable to pay the mortgages. He further testified that this direction to his counsel was given in pursuance of his understanding of the original agreement, and that he did not notify Kilmer of the insertion of this clause in words, or otherwise than by presenting him the deed.
The attorney who drafted the deed testified that when the contract was brought to the office he observed that this clause was not in it; that Mr. Cowles examined the deed very critically and very carefully, and made no objection to it; that he did not know that he called Mr. Cowles’ attention to the assumption clause, but that he recollected saying to him that the “deed, as we understand it, was expressly according to the views and understanding of the parties.”
One of the counsel for the appellant Smith who was present at the closing of the contract, testified that he has no recollection of this clause being called to the attention of any party in the office that day, or that Mr. Cowles examined the deed.
The plaintiff Kilmer, and Mr. Hake, being recalle,d, *468 testify that nothing was said in their hearing about this assumption clause in the deed, on the day of the passing of the deeds ; and Mr. Cowles further testified, he was there by accident, and had no idea of that clause being there.
There is not much conflict in this evidence. Even if Mr. Cowles did examine the deed carefully and critically, it matters little, for he was not employed by the respondent to do so; nor is there any proof that the respondent held him out, or represented that he was his counsel to protect his interests in passing the deeds or to act for him in any respect, except to have some searches continued and brought there that day, and jto take the deed for the purpose of having it recorded.
The appellant Smith’s alleged understanding, that the respondent was to assume the mortgages, and pay them, if any such existed, is not shown to have been based upon any knowledge or supposition as to what was contained in the original contract, or upon anything subsequently passing between him and the respondent. It was, at best, a vague idea on his part, of which the respondent was ignorant, and which could neither be supported nor inferred from anything the respsndent had done or said. Its existence forms no reason for releasing the appellants from giving a deed in accordance with the obligations of the contract.
The evidence shows that the respondent was mistaken as to the contents of the deed delivered to him ; and that he was misled into its acceptance, and it supports the findings of the court.
The memorandum upon the back of the contract, signed by the parties when the deeds were passed, to the effect that the contract was completed and merged in the deeds, places the appellants in no better position. It was prepared and presented in furtherance of, and to give effect to, the clause inserted in the deed. *469 Ifc is evident, that if the respondent had not been mistaken and misled as to the agreement of the deed with the contract, he never would have signed it. If the disputed clause in the deed cannot be sustained, except by the operation of that indorsement, it has to rest upon a basis that partakes of all the elements that pertain to the insertion in the deed of the clause itself. It in no way relieved the appellants, whose duty it was, under the contract, to deliver the deed, from their obligation to deliver such a one as the contract called for, and it in no way obviates the effect of any disingenuousness, or concealment, or suppression, or misrepresentation, as to the deed tendered in fulfillment of the contract.
One of the counsel of the appellant, at the passing of the deeds, was asked on his direct examination in regard to the clause in dispute this question : “Was it not at that time, and had it not been for years, very common, in the city of New York to have such a clause inserted in a deed, although it was not specifically expressed in the contract ?” The ruling of the court sustaining the objection to the question that it was immaterial, was excepted to. I am not aware that any such practice exists, or that it is ever done under such circumstances as the proofs disclose in this case. Nothing would justify, in a moral point of view, such an act, where the grantee is ignorant, and kept in ignorance of the change by which it is sought to subject him to a pecuniary liability. No custom or practice would warrant it, and the existence of any such custom could not be construed to sustain such a wrong. It was properly excluded.
There are other exceptions to the admission of evidence, but none that are tenable.
The objection that if the deed is reformed, the parties cannot be restored in statu quo, because the property has depreciated since the making of the deed, is *470 without force. The reformation of the deed restores the parties to their legal rights, and whether the property has increased or decreased in value has no relation to the question affecting the legality and existence of the assumption clause in the deed to one of them.
The judgment appealed from should be affirmed, with costs.
Freedman, J., concurred.